UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00637-RJC-DCK

| | |
|---|---|
| SELEX ES INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| NDI TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Improper Venue, or Alternatively to Transfer, and Motion to Dismiss for Failure to State a Claim, (DE 10), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (DE 15). The Court has reviewed all associated filings to the Motions and M&R. The matter is now ripe and ready for the Court's decision.

Having fully considered the arguments, the record, and the applicable authority, the Court **DECLINES TO ADOPT** the M&R and **GRANTs** Defendant's Motion to Transfer Venue.

**I.    BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, in addition to the background below, the Court adopts the facts as set forth in the M&R.

**A.    Procedural Background**

Plaintiff Selex ES Inc. ("Selex") filed the instant Complaint alleging patent infringement on November 17, 2020 against Defendant NDI Technologies, Inc. ("NDI"). (DE 1). On March 16, 2021, NDI filed a Motion to Dismiss for Improper Venue, or Alternatively to Transfer. (DE

7).  The motion became moot after Selex filed an Amended Complaint on March 30, 2021.  (DE 9, 14).  NDI then filed the now pending Motion to Dismiss for Improper Venue, or Alternatively to Transfer, and Motion to Dismiss for Failure to State a Claim on April 13, 2021.  (DE 10).  After a timely Response and Reply were filed by the Parties, the Magistrate Judge issued an M&R that recommended (1) denying the Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue and (2) granting in part the Motion to Dismiss for Failure to State a Claim as to the contributory infringement claim and denying in part as to Plaintiff's claims for direct infringement and induced infringement.  (DE 15 at 19).  NDI filed an objection solely as to venue, arguing that the convenience office NDI utilizes sporadically to perform maintenance activities is insufficient to established venue in the Western District of North Carolina.  (DE 16).

**B.**     **Factual Background**

Plaintiff claims that it is a leader in certain license plate reader systems and that NDI is infringing its rights in U.S. Patent No. 7,504,965 ("the '965 Patent") through NDI's sale of covert automated license plate reader ("ALPR") products.  (DE 9 at 2).

NDI is a Florida Corporation with its principal place of business in Winter Springs, Seminole County, Florida (located in Middle District of Florida).  (DE 11-1 at ¶4).  For the last 15 years, NDI has manufactured and sold ALPR equipment and software to law enforcement and government agencies from its Florida headquarters.  (*Id.* at ¶5).  All sales, offers for sale, and deliveries of accused products originate and ship from NDI's office located in the Middle District of Florida.  (*Id.* at ¶6).  The hardware is built and configured in the Florida office and the software is installed and configured remotely by NDI employees in the Florida office.  (*Id.* at ¶8).

NDI has a single employee, Jed Hammond ("Hammond"), who works out of his residence in North Carolina.  (DE 16 at 2).  Hammond is a systems and field support engineer whose duties

2

include traveling to meet customers at their physical location to provide final installation of the ALPR equipment and maintenance. (DE 11-1 at ¶9). The installation work typically includes affixing cameras to stationary objects and aiming them. (*Id.*). In addition to the Florida headquarters, NDI has three other offices in North America that are listed on its company website. (DE 12-5). One of the offices is located Charlotte. (*Id.*). Since 2017, NDI has leased a small office in Charlotte for Hammond to use should he need to perform maintenance or repairs on equipment that he retrieves from customers if he is not able to fix the equipment in the field. (DE 11-1 at ¶10). The Charlotte office has no telephone number associated with NDI, no building sign, no support or administrative functions, no bank accounts, and no corporate records. (*Id.* at ¶11). The Charlotte office is not a shipping or distribution center and has not had a company or board meeting. (*Id.* at ¶12). Hammond is the only NDI employee who uses the Charlotte office.

## II.   STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Because Plaintiff brings an action alleging patent infringement, venue is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Venue is proper under 28 U.S.C. § 1400(b) "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). After the Supreme Court's *TC Heartland* decision, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." 137 S. Ct. at 1517. As NDI is incorporated in Florida, venue can only be proper in the Western District of North Carolina under the second prong of 28 U.S.C. § 1400(b).

To establish venue under the second prong, the Federal Circuit in *Cray* set forth three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). NDI does not object that the first and third *Cray* requirements are satisfied as NDI leases physical office space for an employee in Charlotte. NDI's sole objection is that the convenience office that Hammond sporadically utilizes to perform maintenance activities is not a regular and established place of business that is sufficient to establish venue. As support, NDI argues that the M&R misinterpreted in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020) and *Rensselaer Polytechnic Inst. v. Amazon*, 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 136436 (N.D.N.Y. Aug. 7, 2019).

The M&R found the Charlotte office was a regular and established place of business under

4

the venue statute. In particular, the M&R found the Charlotte office was "regular" because the office operated in a steady manner—NDI's employee would periodically come into the office to perform maintenance or repairs on equipment he could not repair in the field. As the office had a consistent and methodical purpose, the M&R found the office use was regular. And because NDI had leased the office space since 2017, the M&R also found the Charlotte office was "established." As legal support for its recommendation, the M&R first cited *Google*.

In *Google*, the Federal Circuit found that venue was improper in the district where Google servers were located. The servers were stored within datacenters that were owned by internet service providers ("ISPs"), where the ISPs "performed installation of [and] performed maintenance on" the servers. *In re Google LLC*, 949 F.3d 1338, 1340–41 (Fed. Cir. 2020). When analyzing the venue statute to determine whether the ISPs were acting as an agent of Google in Google's regular and established course of business, the Federal Circuit specifically discussed maintenance activities, holding:

> The better reading of the statute is that the maintenance activities cannot, standing alone, be considered the conduct of Google's business. Maintaining equipment is meaningfully different from—as only ancillary to—the actual producing, storing, and furnishing to customers of what the business offers. In 1897, Congress focused on the latter sorts of activities as the conduct of business. There is no suggestion in the legislative history that maintenance functions that existed at the time, such as the maintenance of railways or telegraph lines, constituted conducting the defendant's business within the meaning of the statute. We reach our conclusion bearing in mind that, as we noted in *Cray*, the Supreme Court has cautioned against a broad reading of the venue statute. . . . The venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services.

*Id.* at 1346–47 (internal quotations and citations omitted).

The M&R differentiated the present case from *Google*, reasoning that venue in the present case is proper because there were no third parties conducting installation and maintenance as NDI

5

was itself performing maintenance out of the Charlotte office. However, regardless of agency principles, this runs afoul of *Google* as "maintenance activities cannot, standing alone, be" sufficient to establish venue, regardless of whether the principal or agent is the one conducting maintenance. *Id.* at 1346–47. Here, it is undisputed that the Charlotte office was used sporadically by only a single NDI employee to perform maintenance on equipment that could not be serviced in the field. There were no other employees that used the Charlotte office, nor were any other non-maintenance activities conducted at the office. Of importance, the Charlotte office was not used as a shipping or distribution center. The office also had no exterior signage, phone number, support or administrative staff, bank accounts, or corporate records. Therefore, without more, the maintenance activities performed sporadically by a single employee at the Charlotte office are only ancillary to NDI's regular and established business of furnishing ALPR equipment and software to customers. Such ancillary maintenance activities are insufficient to establish venue after the Federal Circuit's decision in *Google*.

Moreover, *Rensselaer Polytechnic Inst. v. Amazon*, 1:18-cv-00549 (BKS/CFH), 2019 U.S. Dist. LEXIS 136436, at *29–45 (N.D.N.Y Aug. 7, 2019) does not change this analysis as *Rensselaer* was decided before *Google* and is not controlling law. Regardless, *Rensselaer* is incongruent with the facts at issue here. In *Rensselaer*, the district court found that Amazon storage lockers, used to store and deliver packages to customers, were sufficient to establish venue. This is different from the present case as the Charlotte office was not used to transport or store equipment for delivery to customers. Instead, the Charlotte office was used solely as a convenience office for NDI's employee to perform maintenance on equipment.

The distinction between a location where manufacturing, selling, furnishing, and delivering products occurs—which clearly elicits venue—and a location where only incidental maintenance

activities occurs—which the Federal Circuit has held are not alone sufficient to establish venue—is seen in the cases that have followed *Google*. *See, e.g.*, *In re Volkswagen Grp. of Am.*, 2022 U.S. App. LEXIS 6094, at *11 (Fed. Cir. 2022) (noting that the Federal Circuit in *Google* found that "one-off installations" and "maintenance activities" cannot alone be considered regular and established); *Mantissa Corp. v. Great Am. Bancorp, Inc.*, No. 18-CV-2103, 2020 U.S. Dist. LEXIS 46604, 2020 WL 1302513, at *4 (C.D. Ill. Mar. 18, 2020) (citing *Google* in rejecting proposition that conducting maintenance at bank's ATMs would constitute regular and established business); *Cellular Dynamics Int'l, Inc. v. Lonza Walkersville, Inc.*, No. 17-CV-0027-SLC, 2017 WL 4046348, at *6 (W.D. Wis. Sept. 12, 2017) ("Providing service is not the same as maintaining a 'place of business'. . . Neither sporadic, as-needed service calls nor periodic maintenance visits amount to a 'permanent and continuous presence.'"); *WSOU Invs., LLC v. ZTE Corp.*, 2021 U.S. Dist. LEXIS 147564, at *9 (W.D. Tex. Aug. 6, 2021) ("[A]ccording to the Federal Circuit, maintenance is not enough to demonstrate a regular and established place of business."); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 159 (E.D.N.Y. 2018) ("Morgan's office at Arthur Ashe Stadium for performing maintenance of the roof are insufficient to establish" venue.). As the only activity performed at the Charlotte office was periodic maintenance by a single NDI employee, venue is improper.

As venue is improper in the Western District of North Carolina, the Court must either dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). There is no dispute that this case could have been brought in the Middle District of Florida. NDI is incorporated in Florida and has a regular and established place of business in the Middle District of Florida. (DE 11 at 11). The Court finds that the potential evidence and witnesses in the Middle District of Florida support

7

transferring the case in the interest of justice.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (DE 15), is **NOT ADOPTED**;

2. Defendant's Motion to Dismiss for Improper Venue, or Alternatively to Transfer, and Motion to Dismiss for Failure to State a Claim, (DE 10), is **GRANTED** to the extent that venue in this matter is **ORDERED TO BE TRANSFERRED** to the United States District Court for the Middle District of Florida.

Signed: March 28, 2022

_____

Robert J. Conrad, Jr.
United States District Judge